**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dumitru Nicolae,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　Respondents. | No. CV-25-04884-PHX-KML (MTM)<br><br>**ORDER** |

Petitioner filed a petition under 28 U.S.C. § 2241. (Doc. 1.) The petition presents the recurring issue whether a particular individual is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). District courts have split on this issue as set forth in *Zepeda v. Noem*, CV-25-4236-PHX-KML (JFM), ECF No. 13 at 2–3 (D. Ariz. Dec. 11, 2025). On December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5

U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025).

Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the final judgment entered by the Central District of California, respondents must show cause why the petition should not be granted to the extent that petitioner be released or provided a bond hearing under 8 U.S.C. § 1226. If respondents conclude petitioner is a member of the class certified in *Bautista*, respondents must explain why an individualized order is necessary for them to comply with their obligation to provide bond hearings to individuals who are properly classified under 8 U.S.C. § 1226(a). Respondents should address, alongside any other authority they believe relevant, the reasoning in: *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985) (declaratory judgment "where federal officers are defendants" is "the practical equivalent of specific relief such as injunction or mandamus, since it must be presumed that federal officers will adhere to the law as declared by the court"); *Redd v. Guerrero*, 84 F.4th 874, 884-85 (9th Cir. 2023) (discussing presumed effects of declaratory judgments against state-officer defendants); and *Badger Cath., Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010) ("A litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it.").

Accordingly,

**IT IS ORDERED**:

1. Counsel for petitioner must immediately serve the petition upon respondents.
2. If not already issued, the clerk's office must issue any properly completed summonses.
3. The clerk of court must immediately transmit by email a copy of this order and the petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

4. Respondents must show cause no later than **January 6, 2026** why the petition should not be granted. Petitioner may file a reply no later than **January 7, 2026**. Dated this 2nd day of January, 2026.

Honorable Krissa M. Lanham
United States District Judge